## GUSSMAN v. BYRD CATTLE CO.

(Circuit Court of Appeals, Fifth Circuit.
January 12, 1926.)

No. 4617.

1. **Sales ⟳332—Seller can recover difference between contract price and price received on resale after repudiation by buyer of contract of purchase.**

Where buyer repudiates contract of purchase when goods are ready for delivery, seller has right to resell goods and measure his loss by difference between contract price and price received on resale.

2. **Sales ⟳334—Seller of onions for delivery at three carloads per day, on buyer's repudiation, was not bound to resell in installments as large and as often, but was within rights if he did not delay sales for unreasonable length of time.**

Where purchaser of several carloads of onions, to be delivered three carloads per day, repudiated contract, seller was not bound to make resales in installments as large and as often as called for by contract, and was within his rights if he did not delay sales for unreasonable length of time.

3. **Appeal and error ⟳209(2)—Buyer cannot contend that judgment for seller should be reversed because of failure of proof of seller's expenditures on resale of goods, where he had failed to bring objection to attention of trial court.**

Where buyer, sued by seller for damages for repudiating contract for purchase of onions, failed to call to attention of trial court that seller had not introduced proof of cost to harvest, load, and market onions, he cannot, on appeal from judgment for seller, contend that the case should be reversed, because of such lack of proof.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Suit by the Byrd Cattle Company against Hyman Gussman. Judgment for plaintiff, and defendant brings error. Affirmed.

R. D. Wright, of Laredo, Tex. (M. S. Cohen, of Los Angeles, Cal., and Hicks, Hicks, Dickson & Bobbitt, and Charles M. Dickson, all of San Antonio, Tex., on the brief), for plaintiff in error.

I. S. Kampmann and Henry P. Burney, both of San Antonio, Tex. (Kampmann & Burney and Albert Buss, all of San Antonio, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. This is a suit to recover damages for breach of a contract to purchase and pay for 37 carloads of onions. The contract provided for the sale by Byrd Cattle Company, plaintiff, to Hyman Gussman, defendant, of 43 carloads out of a crop of about 100 carloads of onions then growing in plaintiff's field, at $1.60 per crate f. o. b. shipping point, at the rate of 3 carloads per day, Sundays and rainy days excepted. Defendant accepted and paid for 6 carloads, and then notified plaintiff that he would not accept any more. Plaintiff had the onions in quantities sufficient to furnish the daily installments called for by the contract, and replied that it would sell the remainder for defendant's account. It did sell 24 carloads within the next 16 days, Sundays excepted. At the end of that period there was no market for onions, and plaintiff threw away 4 carloads that were crated and ready for shipment. The remaining 9 carloads were left in the field, some of them partly crated, because they could not be sold at any price, and plaintiff's evidence fails to disclose how much the cost of gathering and crating would have been. There is no contention that plaintiff did not get the full market value for the onions

which it sold. The trial court gave a charge to the jury that the measure of plaintiff's damages was the difference between the contract price of 37 carloads and the amount plaintiff received from the sales of 24 carloads for defendant's account, and there was a verdict and judgment for plaintiff, based on that charge.

[1, 2] The assignments of error defendant relies on to reverse the judgment are based upon two exceptions to the charge of the court upon the measure of damages. The first exception was upon the ground that the damages should be limited to the time of the breach, and should be measured by the difference between the purchase price and the market price of each installment of 3 carloads at the time it was required by the contract to be delivered. It is argued that plaintiff cannot measure its damages by resale, because the onions had not been segregated from the common mass and put in deliverable condition, so as to pass title, and that its only remedy was a suit for the difference between the contract price and the market value. We are of opinion that the rule contended for is unsound, and we so held in Alabama Grocery Co. v. Hammond (C. C. A.) 285 F. 723. In this case the goods were ready for delivery, and passage of title was prevented by defendant's repudiation of his contract. One of the rights which the vendor has under such circumstances is to resell the goods and measure his loss by the difference between the contract price and the price received on resale. Gilbert Grocery Co. v. Howell (C. C. A.) 289 F. 474. See, also, note 42 L. R. A. (N. S.) 670. Plaintiff was not bound to make resales in installments as large and as often as called for by the contract, but was within its rights if it acted in good faith, and did not delay sales for an unreasonable length of time. 24 R. C. L. 112. It is reasonable to suppose that defendant's sudden repudiation of the contract made it necessary for plaintiff to seek other purchasers and caused some delay.

[3] The other exception to the court's charge was upon the ground that there was "no evidence offered in the case on the cost of harvesting, loading, and marketing." So far as appears, the court's attention was not called to the fact that plaintiff had failed to prove what it would have cost to gather the onions, put them in crates, and place them on board cars. The exception as stated applies to the 24 carloads which had been shipped, as well as to the 4 carloads which were made ready for shipment; but as to them it was not good, because plaintiff was bound by the contract to bear all expenses incident to delivery on board cars. If the attention of the court had been directed to the point now made, that there was no proof of what it would have cost to make the 9 carloads which were left in the field ready for delivery, doubtless further proof would have been required of plaintiff. Having failed to bring the objection now urged to the attention of the trial court, either by more specifically pointing it out or by a request of his own to charge, defendant cannot now well contend that the case should be reversed, and plaintiff be put to the trouble and expense of another trial, and further delayed in the collection of its just damages.

The judgment is affirmed.